## LUDLOW v. LOS ANGELES & SALT LAKE R. CO.

No. 4725. Decided December 13, 1928. (275 P. 592.)
Rehearing Denied March 13, 1929.

514

*George H. Smith, J. V. Lyle, R. B. Porter, Dana T. Smith,* and *J. T. Hammond, Jr.,* all of Salt Lake City, for appellant.

*J. W. Robinson* and *J. Robert Robinson,* both of Provo, for respondent.

STRAUP, J.

The plaintiff by this action sought to recover damages for the wrongful death of her intestate, alleged to have been caused through the negligence of the defendant at a public crossing. A trial was had before a jury, which resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has prosecuted this appeal.

This is a companion case of *Clark* v. *L. A. & S. L. R. R. Co.,* just decided (Utah) 275 P. 582, and grew out of the same accident, a collision between a truck driven by Clark and a railroad train operated by the defendant. Plaintiff's intestate, Ludlow, was on the truck with Clark. Both were killed. The same counsel appeared for the respective parties in the one case as in the other.

This case was tried after the last trial of the Clark Case. The evidence as to essential facts of the two cases is substantially the same. The substance of it is set forth on the prior appeal of the Clark Case, *Clark* v. *Union Pac. R. R. Co. (L. A. & S. L. R. R. Co.)* (Utah) 257 P. 1050. The evidence and the record of this case is thus substantially the same as on the second or last appeal of the Clark Case, except as otherwise indicated herein. Substantially the same questions are presented on this appeal as were presented in the Clark Case, insufficiency of evidence to show negligence on the part of the defendant, contributory negligence of the deceased, the court receiving in evidence and refusing to strike the testimony of the two school girls and of the two teamsters, receiving in evidence and refusing to strike the testimony of the engineer called by the plaintiff, and refusing to grant defendant's motion for a new trial. As to all of these we find, and it is admitted by both parties, that the evidence and the record on this appeal are substantially the same as the evidence and the record on the last appeal in the Clark Case. Thus, as to all of such questions, we, on the record, have reached the same conclusion reached by us in the Clark Case; and for the reasons there stated we again are of the opinion that no error was committed in any of such rulings.

There is here also presented a question respecting the cross-examination of one of defendant's witnesses, of somewhat similar character presented on the last appeal in the Clark Case. For the reasons stated in that case, we there held the cross-examination prejudicial and reversible error. It is the contention of the defendant that the cross-examination here was equally erroneous and prejudicial. Here, as in the Clark Case, among the acts of negligence charged against the defendant was that of operating the train at a negligent and dangerous speed. To sustain such allegation the plaintiff here adduced the same evidence as was adduced by the plaintiff in the Clark Case to show at what speed the train was operated. With respect

to such subject, the defendant in this case adduced the same evidence adduced by it in the Clark Case. The evidence in such particular of both parties is referred to in that case. Among other witnesses, the defendant on this trial called, as it had in the Clark Case, a Mr. Knapp, the mechanical representative of the Westinghouse Air Brake Company, who on his direct examination in part and in substance testified that under conditions stated a train consisting of an engine and two cars on a substantially level track, and with brakes in good condition, and running 28 to 30 miles an hour, could not on an emergency stop be stopped short of 850 to 1,000 feet, and going 60 miles an hour would require 2,000 feet or more to bring the train to a stop. After cross-examining such witness respecting such matters, plaintiff's counsel then asked him: "Are you acquainted with the engineer who worked for the Rio Grande when he testified previously in this case by the name of Charles A. Connor?" The witness answered: "No, sir." He was then asked: "You are not acquainted with him. Do you think he qualified as an expert engineer?" To this an objection was made by the defendant that the cross-examination was not proper and was irrelevant. The court sustained the objection. Counsel for plaintiff observed that he was "inclined to think Your Honor is right about that, the question is not in proper form." Then counsel for plaintiff, in addressing the witness, asked: "I wish to read to you, Mr. Knapp—" To defendant's objection that counsel was reading what some one else testified to at some other trial in another case counsel for plaintiff stated: "I have not finished my question. I wish to read, Mr. Knapp, from the testimony of a previous expert as to the stopping and starting of trains, then ask you if, in your opinion, this testimony conforms with your experience and your judgment. I wish to read from the opinion of Charles A. Connor who was put on the witness stand as an expert by the defendant in the case of *Joyce Isgren Clark* v. *Salt Lake & Los Angeles Railroad Company*—" Here counsel for the defendant fur-

ther objected, and asked that the court instruct counsel that such a statement was improper, and that he had no right to read the testimony of some other witness at some other trial to the witness on the stand. The court ruled:

"I think probably technically counsel is correct. I think, however, if the witness Connor has so stated, do you agree with his judgment, in other words the fact that the witness may have testified in any particular case would be immaterial."

Without taking an answer to or further pressing that question, counsel for plaintiff propounded another to the witness as follows:

"Now, if the witness Connor stated in answer to a question 'how far would it take to stop a train going ten miles an hour—at what distance could this type of train going ten miles an hour be stopped' and he answered 'I should think 200 feet,' would you agree with that?"

The objection of counsel for defendant to that was sustained. Then counsel for the plaintiff asked the witness: "If the witness Connor testified a train going 25 miles an hour could be stopped in 400 feet would you agree with that?" Here again a further objection was made by the defendant, which was overruled, the court stating the witness could state whether he agreed with such statement. The question, however, was not answered, and thereupon counsel for plaintiff propounded another to the witness: "Do you agree with the witness Connor where he says that a train going 25 miles an hour can be stopped in 400 feet?" Counsel for the defendant again objected and proceeded to make observations with respect thereto when counsel for the plaintiff withdrew the question. Then counsel asked the witness within what distance he thought a train could be stopped going 25 miles an hour under conditions theretofore stated in a question propounded to him by counsel for the defendant, to which the witness answered that it would be farther than 400 feet and in the neighborhood of 600 to 700 feet, to which no objections were made. Then

counsel for plaintiff asked the witness: "Do you agree with the witness Connor, then, that a train going 25 miles an hour under these conditions could be stopped in 400 feet?" Here again objections were made by counsel for the defendant which the court sustained. The counsel for the plaintiff asked the witness within what distance a train could be stopped under stated conditions going 25 miles an hour, 40 miles an hour, and 50 miles an hour, to which the witness answered more than 400 feet, from 1,300 to 1,500 feet, and 1,700 feet, to which no objections were made. There the matter ended.

It thus is seen that all of the objections to the questions in respect of the complained-of cross-examination were sustained, except one, but that was not answered and later was withdrawn. In addition to that the court charged the jury:

"You have heard other trials mentioned during the course of this trial, concerning the same accident. The court therefore instructs you that you are not to consider any thing that you may have heard about any other trial involving this same accident except as to evidence given at other trials which has upon stipulation been read to you and made a part of the evidence in this case; otherwise you are to be guided solely by what you have heard from the witness stand in this case and not from what you may have heard from any other source."

No such charge was given in the Clark Case. The questions propounded by counsel for the plaintiff and objected to by counsel for the defendant were improper for the reasons stated in the Clark Case, but, as the objections thereto were either sustained or the question withdrawn, there thus was no adverse ruling against the defendant. And, as the court admonished the jury, as was done, it is not reasonably inferable that the jury disregarded the admonition or that they were influenced to the defendant's prejudice by the mere propounding of the questions as to what Connor on the former trial of the Clark Case had testified to. While the defendant urges that the apparent purpose of plaintiff's counsel was not to get answers to the questions

propounded, that he cared little whether the questions were or were not answered, and that he by such method sought to get before the jury what Connor on the previous trial had testified to, still, where in the trial of a cause improper questions are propounded and objections thereto sustained or the questions withdrawn on objections thereto made, and the court admonishes the jury as here was done, ordinarily prejudicial or reversible error may not be predicated thereon, though by the improper and objectionable questions counsel attempted to get before the jury something immaterial, or incompetent, or improper for their consideration, unless coupled with misconduct or bad faith and the matter of such gravity or fraught with such mischief as to be incurable by direction or admonition of the court. We think the matter does not come within such exception, and that thus no such prejudice resulted as did result in the Clark Case, where the objections were overruled and the jury not admonished, as here was done.

In this case as in the Clark Case the defendant pleaded contributory negligence. In this as in that case the same instruction was given as to the presumption of care exercised by the deceased. It is as follows:

"You are further instructed that it is the presumption of law that every man exercises due care for his own safety when in a place of danger and the presumption is that the deceased did so when he approached the crossing and the court instructs the jury that the plaintiff need not affirmatively prove that the deceased looked and listened for the train before coming upon the crossing."

Complaint is here made of it as was made in the Clark Case on the second appeal. In this, as in the Clark Case, it appeared that Clark, at the time of the collision, was the owner and driver of the truck, and that Ludlow was with him on the truck. In the Clark Case it appeared that Clark had a contract with a school district to convey by truck students or school children to Spanish Fork, and that Ludlow was in his employ. In this case what the relation was

between Clark and Ludlow was not shown. But as to that we must here look alone to this record and not to that of the Clark Case. It, however, in this case, was made to appear that Ludlow, in addition to earning money as a musician, "was also driving a school truck from Benjamin to Spanish Fork hauling students and worked in a garage during the day and on Saturdays." But whether he drove the truck in the employ of Clark or otherwise is not shown. One of the schoolgirls testified that in going to Palmyra, there to be with others carried by truck to Spanish Fork by the Palmyra school truck, she learned that that truck had broken down, and that another was coming to meet the school children at that place, and that she and a companion along the highway started on to meet it. Inferentially that was the truck owned and driven by Clark at the time of the accident and with whom Ludlow was on the truck. Further than that the record in this case does not show what the relation was between Clark and Ludlow nor the purpose or occasion of their being together on the truck at the time of the collision.

However, on this, the court, at the request of the defendant, charged the jury "that the deceased (Ludlow) and Clark the driver of the automobile were at the time of the accident engaged in a joint enterprise and that the negligence of said Clark, if any, is imputed to the deceased and must be considered by you as the negligence of the deceased in arriving at a verdict." While the plaintiff excepted to such charge, yet no cross-assignment of error is made. Hence the correctness of the charge, in view of the record, in charging as a matter of law that Clark and Ludlow were engaged in a joint enterprise, and that the negligence of Clark, if any, was imputed to Ludlow, is not before us for review. Nor do we express any opinion concerning it. We refer to it in connection with other portions of the charge as bearing on the question of contributory negligence and to ascertain whether the charge complained of by the defendant, though faulty, was prejudicial in fact. The court

here in other portions of the charge, as was done in the Clark Case, charged that no presumption of negligence arose from the happening of the accident, or the death of the deceased, and that the happening of the accident or the death of the deceased was not evidence of negligence either on the part of the defendant or contributory negligence on the part of the deceased, and that such negligence must be proved by a preponderance of the evidence; that the plaintiff had the burden of proving the alleged negligence of the defendant, and the defendant the burden of proving the alleged negligence of the deceased, and, if the evidence respecting such issues was equally balanced, then the party having the burden of proof must fail as to such issue; that, if the jury from a preponderance of the evidence found Ludlow guilty of negligence or carelessness which as a direct proximate cause contributed to his injury and death, no recovery could he had; that if the deceased, Ludlow, before attempting to cross the track at the time of the accident, failed to look and listen attentively and carefully for approaching trains, and if by so doing he could have seen, or by so listening could have heard, the train in time to have stopped the automobile truck, and thereby avoided the accident, Ludlow was guilty of negligence which barred recovery, even though the defendant also was guilty of negligence; that, if the jury found from the evidence that both the deceased and the defendant were guilty of negligence which directly contributed to the injury and death, there could be no recovery, and the verdict had to be for the defendant, and that, if Ludlow, because of a dense fog, was prevented from seeing the approaching train, then it was his duty to listen for approaching trains before going on the crossing, and, if the jury found from the evidence that he could have heard the approaching train had he listened, then his failure to so listen was negligence which precluded a recovery.

It thus is seen that the same question respecting the instruction is, on substantially the same record and grounds,

presented in this case as was presented in the Clark Case, where the instruction, though held faulty, yet was held non-prejudicial. The reasons there given and the cases there cited in support of the ruling equally apply here. Hence the same conclusion of nonprejudice is here reached as was there reached.

It thus follows that the judgment here should be affirmed. Such is the order. Costs to the respondent.

THURMAN, C. J., CHERRY and GIDEON, JJ., and MATHISON, District Judge, concur.

HANSEN, J., being disqualified, did not participate herein.